UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA LAUDERDALE,

    Plaintiff,

v.

Case No. 13-13036
Hon. Lawrence P. Zatkoff

JAMES VANDEREYK, *et al.*,

    Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 12, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff submitted her *pro se* complaint [dkt 1], application to proceed *in forma pauperis* [dkt 2], and application for appointment of counsel [dkt 3] on July 16, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED, her application for appointment of counsel is DENIED, and her *pro se* complaint is DISMISSED.

### II. ANALYSIS

**A. Plaintiff's Request to Proceed** *In Forma Pauperis*

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay

such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* [dkt 2].

### B. Application for Appointment of Counsel

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

### C. Review of Plaintiff's Complaint

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve

as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff has filed her *pro se* complaint against Defendants, which includes her landlord and various Detroit officials. In sum, Plaintiff alleges that she "was denied right to safe, secure and livable housing without harm to physical and mental state." After reviewing Plaintiff's *pro se* complaint, the Court concludes that Plaintiff has failed to state any claim upon which relief can be granted.

Plaintiff first brings claims against Defendants under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Yet, the allegations sounding from Plaintiff's *pro se* complaint are completely devoid of any employment-based discrimination. In fact, Plaintiff's application for appointment of counsel indicates that she is unemployed. As such, to the extent Plaintiff is asserting claims of employment discrimination under the ADA and Title VII, such claims must be dismissed.

Plaintiff next asserts a conclusory claim pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"). To state a claim under Title VI, the United States Supreme Court has made clear that a plaintiff must allege intentional discrimination, not disparate impact. *Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001) (citation omitted). Plaintiff's *pro se* complaint wholly fails to allege intentional discrimination by Defendants on the basis race, color, or national origin. The Court, therefore, dismisses Plaintiff's Title VI claim.

Plaintiff also asserts a claim under 18 U.S.C. § 241. This criminal statute, however, does not authorize any private civil cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Moreover, as a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of [D]efendants for [their] alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F.

3

App'x 307, 308–09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)).  As such Plaintiff's claim under Title 18 of the United States Code must be dismissed.

Last, Plaintiff claims that she was "denied assistance with low income housing."  Though Plaintiff fails to cite to a specific section under Title 42 to the United States Code which would allegedly entitle her to relief, the Court presumes Plaintiff is asserting a violation of 42 U.S.C. § 1437f, Low-income housing assistance.[1]  This claim, however, is likewise barred as § 1437f does create private rights enforceable by individual tenants.  *Johnson v. City of Detroit*, 446 F.3d 614, 627 (6th Cir. 2006).  Accordingly, the Court dismisses this claim.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  Hon. Lawrence P. Zatkoff
                                                  U.S. District Judge

Date:  August 12, 2013

---

[1] The Court also presumes Plaintiff is bringing her low-income housing assistance claim pursuant to 42 U.S.C. § 1983.